NEW YORK COUNTY.—HON. D. C. CALVIN, SURROGATE.—
April, 1879.

## In the matter of the estate of EMMA J. LUCKEY, deceased.

The testatrix, by her will, directed her executor to erect a suitable monument over her grave. and left the selection of the style of such monument, and the expense thereof, entirely discretionary with him. The executor contracted for a monument which was to cost $1,455. The value of the personal estate was $11,096.

*Held*, that the amount agreed to be paid for the monument was excessive, and that, upon the objection of the residuary legatee, only $700 could be allowed to the executor for this purpose, upon his accounting.

Where a discretion is conferred upon an executor or trustee, it will be held to be a discretion to be exercised according to law and the principles of justice, as laid down by the adjudicated cases in this state.*

MOTION to confirm report of auditor upon final accounting of the executor of decedent.

The auditor reported that the amount chargeable against the executors, as per inventory, and increase, was $11,096.02, and that he was entitled to the credit of $8,330.44, leaving a balance in his hands of $2,765.58, subject to the expenses of the accounting, and his commissions. The account, as rendered in schedule "G," stated that a contract had been made by the executor for the erection of a monument to the memory of decedent for $1,455. The same auditor, upon a re-reference, reported that the contract was executed between the executor and Messrs. Brown & Co., for the erection of the monument at an expense of $1,475; that the price of the monument contracted for was reasonable, but did not pass upon the question as to the reasonableness of the expenditure under the circumstances. The residuary legatee excepted to the report of the auditor, and claimed that the executor did not enter into the contract for the monument in good faith, and that the amount proposed to be expended was too large, considering the value of the estate.

The auditor also found that the contract had not been performed, but had been delayed because of the litigation, in respect to the propriety of the expenditure, and these

---

* See Matter of Erlacher, 3 *Redf.*, 8.

exceptions were the only ones for consideration on the motion to confirm the report of the auditor.

The clause of decedent's will, upon the subject of the monument, is as follows : "I direct my executor, after the payment of my debts and testamentary expenses, to set apart a portion of my estate, and appropriate the same for the purpose of procuring the erection of a suitable monument over the grave in which my remains shall be interred," and invoked him to carry out the provisions of the will as soon after her decease as convenient.

Then follows these words : "As I have full confidence that my said executor will perform the duties thus imposed upon him, in a just and proper manner, I leave the selection of the style of such monument, and the expenses thereof, entirely discretionary with him."

D. R. JAQUES *and* MAX MOSES, *for executor.*

MERRITT E. SAWYER, *for guardian.*

THE SURROGATE.—The only question to be considered in this case is whether the discretionary terms of the will are such as to take the subject away from the consideration and determination of this court. But for the discretionary clause, it is entirely clear, upon numerous authorities, that the amount agreed to be paid for the monument in question is at least three times as much as the representative of such an estate would be entitled to expend for the purpose named. (Owens *v.* Bloomer, 6 *N. Y. Weekly Digest*, 330 ; Farrin *v.* Myrick, 41 *N. Y.*, 315 ; Springsteen *v.* Samson, 32 *Id.*, 714.)

The circumstances of this case are somewhat peculiar. The executor is a legatee under the will, and his relations

with the decedent were friendly and intimate.   The rights of creditors are not affected by the determination of the question submitted, and it only concerns the residuary legatee, who is a niece of the decedent.   And yet, if it shall be held that the executor was authorized, under the terms of the will, to expend the sum named for a monument, he might have expended the whole of the residuary estate.   I am not willing to approve the doctrine that a discretion conferred upon an executor by a will is to be exercised without regard to the rights of other legatees, or that it is an uncontrollable discretion. I am of the opinion that when a discretion is conferred upon an executor or trustee, it should be held a discretion to be exercised according to law, and the principles of justice.   Such I understand to be the effect of King v. Talbot (40 N. Y., 76).   In that case the trustees were authorized and directed to make investments of the trust funds in their discretion, and having invested the funds in the stock of certain railroad, bank and canal company companies, it was held to have been an improper exercise of the discretion, and that such discretion was only authorized in respect to the investment in such securities as were recognized as proper for trust funds, to wit, government or real estate securities.

It seems to me, therefore, that in this case the discretion to be exercised by the executor should be limited to the amount adjudged proper by the well-adjudicated cases in this state, and that the terms of the will do not enlarge the power of the executor beyond that limit, otherwise very great injustice would be done to the parties interested, and a precedent established which would be a fruitful source of fraud.

I am of the opinion that considering the estate in question, and the circumstances of the case, that $700 is an exceedingly liberal allowance for the purposes named, and one which exceeds the limit in the case above stated, and that no greater amount than that should be allowed in this case.

Ordered accordingly.